IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-182-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SANDRA DENEASE SMITH | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Sandra Denease Smith, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. The government has responded and moved to dismiss, contending that issues raised are without merit. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised the defendant of her right and obligation to respond to the government's motion to dismiss, however, she did not respond.[1]

In the present motion, the defendant raises various claims that (1) her confession was coerced; (2) there is disparity between her sentence and the sentences of related defendants; (3) she was unaware of the existence of all other parties and co-defendants; and (4) she has poor health and medical conditions.

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was

---

[1] Although the defendant filed her § 2255 motion *pro se*, attorney John Wesley Locklair III filed a motion for an extension of time on February 26, 2011, on defendant's behalf. No response was ever filed by the defendant or her counsel after the deadline was extended to March 30, 2011.

without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); see 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be dismissed for the reasons set out in this order.

## PROCEDURAL HISTORY

The defendant was charged in a one-count indictment with embezzlement of United States funds. She was one of nine defendants separately indicted in a $5 million dollar fraudulent check scheme involving embezzled Medicaid funds from the South Carolina Department of Social Services.

Pursuant to a written plea agreement on April 13, 2009, the defendant pled guilty to the charge and waived her right to contest either the conviction or sentence in a direct appeal, or other post-conviction action, including proceedings under 28 U.S.C. § 2255, except to challenges of ineffective assistance of counsel or prosecutorial misconduct.

On November 19, 2009, the court sentenced the defendant to 27 months imprisonment (at the low end of the guideline range), supervised release, and restitution. The defendant did not file a direct appeal of her conviction. The present § 2255 motion was filed on September 23, 2010.

As an initial proposition, the government contends that the defendant is barred from raising these claims because she waived them in her plea agreement. The government also contends that her claims are without merit and should be dismissed. As noted previously, the defendant was advised of the importance of responding to the government's motion. However, no response was filed despite the court's grant of a thirty-day extension of time within which to file a response.

## DISCUSSION

In its memorandum in support of dismissal, the government points out that the defendant waived her right to appeal her conviction and sentence, as well as any post-conviction challenges, except to challenges of ineffective assistance of counsel or prosecutorial misconduct.

On the record before it, the court has reviewed the Rule 11 colloquy and finds that it thoroughly reviewed the waiver provision with the defendant and that she responded affirmatively. This waiver provision was also brought to the defendant's attention during her sentencing hearing.

Additionally, this court carefully conducted the Rule 11 hearing, explaining the charges, elements of the crime, maximum penalties, and sentencing guidelines. The court

found that the defendant knowingly and intelligently agreed to enter into the plea agreement. The defendant admitted her participation in the offense and attested that she fully understood the provisions of her plea agreement, entered it under oath, and that no one had forced her to plead guilty. Relying on her statements made under oath at the properly conducted Rule 11 hearing, the court accepted the defendant's plea as knowing and voluntary.

Finding no clear and convincing evidence to the contrary, the court finds no merit in the defendant's claim that her confession was coerced such that she could claim ineffective assistance of counsel or prosecutorial misconduct.

As to the defendant's other grounds for this § 2255 motion, the court finds that they are barred from this court's review because the defendant waived such rights in her plea agreement. Despite the fact that the defendant waived her right to appeal her judgment and conviction, the issues raised by the defendant in her § 2255 motion are neither constitutional nor fundamental and are not cognizable in a § 2255 action. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

CONCLUSION

On the record before it, this court concludes that the defendant's motion should be dismissed as procedurally barred.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*,
(continued...)

4

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

April 18, 2011                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[2](...continued)
537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).